IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. 62,702-01






EX PARTE DAVID MEZA, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE NO. 00-CR-929-D

FROM THE 103RD DISTRICT COURT

OF CAMERON COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of aggravated assault and was sentenced to
confinement for fifteen years. Applicant's conviction was affirmed on appeal. Meza v. State,
No. 13-01-141-CR (Tex. App.--13th, delivered August 22, 2002).

 Applicant alleges factual and legal insufficiency, a denial of due process, prosecutorial
misconduct, and ineffective assistance of trial and appellate counsel.

 The trial court has entered findings of fact or conclusions of law. However, we do not
believe that those factual findings are sufficient to completely resolve the issues presented.
It appears that the clerk prematurely forwarded the instant application to this Court before
the trial court entered findings of fact regarding trial counsel's affidavit or obtained appellate
counsel's affidavit. Because Applicant has stated facts requiring resolution and because this
Court cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution of those issues. The trial court may resolve those issues as set out in Tex. Code
Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories
from trial and appellate counsel, or it may order a hearing. In the appropriate case the trial
court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court should then make findings of fact as to whether trial counsel was
ineffective. In addition, after obtaining appellate counsel's affidavit, the trial court should
make findings of fact as to whether appellate counsel was ineffective. The trial court should
also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 25TH DAY OF JANUARY, 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.